Memorandum. In this action, plaintiff seeks to recover $746.70, the balance due under a contract with plaintiff in which defendant took full-page advertisements in Suburban Homes Guide and in Suburban Homes Buys, publications in which houses are listed for sale. Defendant, a real estate broker, interposed a counterclaim for $113.30, the amount paid as a deposit for the advertising.
Suburban Homes Guide states on its front page that it is designed to serve three major purposes:
"to acquaint the prospective home buyer with the many advantages that Nassau and Western Suffolk Counties have to offer as places in which to live;
"to help the prospective buyer locate the people who can best render the services he needs from the time he starts his search until he is settled in the home of his choice;
"to help the people who render these essential services by letting the home buyer know where they are and of their desire to serve him.”
In our opinion, plaintiff is a real estate and business opportunity publisher under subdivision 3 of section 443 of the Real Property Law. This section provides: "A 'real estate and business opportunity publisher’ is any person, firm or corporation that engages in the business of claiming, demanding, charging, contracting for, receiving or collecting a real estate and business opportunity publication fee or undertakes to publish a real estate and business opportunity publication.” Section 445-a of the Real Property Law prohibits the institution or maintenance of an action by an entity within the above statutory definition to recover compensation for its publishing services in connection with the sale of real estate. It also permits recovery by a party who has already made payment for such services.
Apparently, this is a case of first impression under section 445-a of the Real Property Law. In our view, the statutory language demonstrates a legislative intent to indicate that an action may not be commenced if the required filing was not completed prior to the initiation of the action.
It is uncontroverted that plaintiff, who had not filed with the Department of State prior to commencement of the action, filed thereafter. However, the subsequent filing by plaintiff *56 would not cure, nunc pro tunc, the failure of plaintiff to file prior to the commencement of the action. Plaintiff’s noncompliance with section 445-a of the Real Property Law is a complete defense and mandates that the amount paid by defendant on deposit be recovered by him. (Cf. Galbreath-Ruffin Corp. v 40th & 3rd Corp., 19 NY2d 354.)
Concur: Hogan, P. J., Pittoni and Farley, JJ.
Order unanimously reversed, without costs, motion for summary judgment dismissing the complaint granted, and judgment granted in the sum cf $113.30, with appropriate costs and interest, on defendant’s counterclaim.